UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROL WALKUP, *et al.*,

    Plaintiffs,

  v.

HOUSEHOLD REALTY CORP., *et al.*,

    Defendants.

Case No. C04-0597L

ORDER GRANTING MOTION FOR RULE 56(f) CONTINUANCE

    This matter comes before the Court on plaintiffs' motion for additional time to obtain evidence to support their opposition to defendants' pending motion for summary judgment (Dkt. ##30, 33).[1]

    Plaintiffs request a continuance pursuant to Federal Rule of Civil Procedure 56(f) to conduct discovery. Federal Rule of Civil Procedure 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Plaintiffs request additional time because, they allege, defendants filed in support of their motion

---

[1] Plaintiffs filed their motion twice, although they request the same relief in both motions.

ORDER GRANTING MOTION FOR
RULE 56(f) CONTINUANCE - 1

for summary judgment two declarations which were blatantly inconsistent with the declarations of two other witnesses in the related case, Luna v. Household Finance Corporation, III, *et al.*, Case No. 02-1635L.  In the Luna case, Mr. Little and Mr. Bishop filed declarations stating that "Household does not pursue judicial foreclosures [or] seek deficiency judgments."  See Luna at Dkt. ## 116, 117.  However, in this case, Ms. Mogan and Mr. Lenz declared that if the Walkups had listed potential claims against Household Finance on their bankruptcy schedules, Household Finance would have pursued claims against them.  Plaintiffs have shown that the declarations are inconsistent.

Defendants counter that although this case was pending for approximately one year before defendants filed their motion, plaintiffs conducted no discovery in this case and never sought an extension of the discovery deadline.  Defendants argue that plaintiffs' failure to conduct any discovery is grounds to deny their request for a continuance.  See, e.g., Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion") (citing Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir. 1989)).  However, plaintiffs note that they had no reason to believe that defendants would take a position that is directly inconsistent with their position in the Luna litigation.  Accordingly, plaintiffs have shown that a limited extension is appropriate.

For the foregoing reasons, the Court GRANTS plaintiffs' motion for a Rule 56(f) continuance (Dkt. ## 30, 33).  The Court hereby EXTENDS the discovery cutoff date until May 20, 2005 to allow plaintiffs to depose the declarants in this case or the Luna litigation regarding the contradictory declarations.

The Clerk of Court is directed to re-note defendants' motion for summary judgment (Dkt. #16) for consideration on June 10, 2005.  Plaintiffs' supplemental response, if any, is due no

1  later than May 31, 2005; defendants' reply, if any, is due no later than June 7, 2005.

3  DATED this 18th day of April, 2005.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR
RULE 56(f) CONTINUANCE - 3